FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2018 NOV -8 PM 1:59

CLERK____TRB____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARK ELLERY NANCE,            )
                             )
        Plaintiff,            )
                             )
v.                           )        CV418-165
                             )
JOSE MORALES, Warden, *et al.*, )
                             )
        Defendant.            )
                             )

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Mark Nance, an inmate at Coastal State Prison, has submitted a 42 U.S.C. § 1983 Complaint alleging that he was denied appropriate access to the prison's law library and that his grievances were not properly handled. *See* Doc. 1. After rectifying noted deficiencies in his motion to proceed *in forma pauperis* ("IFP"), docs. 2-4, the Court granted him leave to proceed IFP. Doc. 6. The Court now screens Nance's case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to dismiss *sua sponte* an IFP plaintiff's claims for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must

1

identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

## I. BACKGROUND

Nance alleges that Coastal State Prison is restricting his access to the law library and hindering his ability to file a grievance addressing that issue.[1]   Doc. 1 at 5.   However, Nance admits that he has been able to access the library seven times in the last two months, although he notes that the time he spent in the library was less than two hours.   *Id.*   And he also states that he was ultimately able to file a grievance, although he did not receive a number or response.[2]   *Id.*   As relief, Plaintiff requests that the

---

[1] The Court liberally construes pleadings of *pro se* parties. *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (*citing Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)).

[2] Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement.   42 U.S.C. § 1997e(a). On preliminary review, Nance's

Court "[o]rder Coastal State Prison to take the S.O.P regulations seriously and stop depriving prison inmates of badly needed Law Library time or visits."   *Id.* at 6.

## II.   ANALYSIS

### A.   Nance's Access to the Courts Claim

Nance's request for library access implicates the constitutionally guaranteed right of inmates to access the courts. *Bounds v. Smith*, 430 U.S. 817, 824-25 (1997); *Bey v. Haines*, 2016 WL 492316 at *2 (W.D. Wis. Feb. 5, 2016).   But, while inmates must be provided access to the courts, they do not enjoy any "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).   More importantly, Plaintiff must first establish standing to sue by alleging that the impediments imposed on his access to the law library at Coastal State Prison caused him to suffer some actual injury.   *Id.* at

---

statements that he was able to file a grievance, doc. 1 at 5, and the attached letter to Superintendent Toole regarding the lack of response to that grievance, doc. 1 at 7, are sufficient to allow this Court to proceed. *See, e.g., Burke v. Wilcher*, 2017 WL 4452532, at *2 (S.D. Ga. July 12, 2017) (deeming the allegations sufficient to satisfy the exhaustion requirement, at least at preliminary screening stage, because it was "unclear" whether plaintiff had "*fully* exhausted" his remedies, as some of his grievances were "stuck on appeal status.").

351-55. This requirement "is not satisfied by just any type of frustrated legal claim. Specifically, [Nance] must show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 'to vindicate basic constitutional rights.'" *Gold v. Geo Grp. Inc.*, 2016 WL 7034404 at *11 (M.D. Fla. Dec. 2, 2016) (citations omitted) (*quoting Casey*, 518 U.S. at 354; *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

While Nance alleges that he "desperately needed" to access the law library, he neither shows that he was deprived of that access (he states he did indeed access the law library) or that he was harmed (he has pointed to no action for which he needed legal research). Doc. 1 at 5. Plaintiff's claim seems instead to be a generalized argument on why prisoners as a whole should have more easy access to the law library. *See id.* at 6 (arguing why further access to law libraries would help inmates prosecute theoretical legal actions). Accurate or not, these statements do not suffice to show actual injury. As Nance has not offered any facts

4

showing that the prison's policies have caused him actual injury, he lacks standing to bring the claim and it should be **DISMISSED**.

### B. Nance's Grievance Claim

Nance's claim that he has been hindered in filing a grievance also fails. "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." *Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999) (citations omitted), *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). "[A]lleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983." *Schlachter v. Strength*, 2010 WL 1010746 *5 (S.D. Ga. March 15, 2010) (*citing Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*).

Nance says that he attempted to file a grievance regarding his access to the law library, but was refused the opportunity by two

separate prison counselors. Doc. 1 at 5.   He then gave his grievance to a third counselor who filed it, but Nance never received a number or a response. *Id*. He ultimately contacted the Superintendent about his grievance. *Id. at* 7.   Regardless of whether this series of allegations reflects an issue with the grievance system at Coastal State Prison, federal courts do not "sit as the ultimate appellate tribunal for prison grievance procedures." *Reinholtz*, 64 F. Supp. 2d at 731.   Plaintiff's Complaint hinges on whether his grievance was handled properly under the policies of the prison.   This Court reviews "whether a *constitutional* right has been infringed, not whether bureaucratic procedures have been violated." *Id*. (emphasis in original.) As a result, Plaintiff's Complaint on the processing of his grievances fails to state a claim and should be dismissed.

## III.  CONCLUSION

Given its facial frivolity, Plaintiff's Complaint should be **DISMISSED WITH PREJUDICE** with no re-pleading option warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been

6

futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity).[3]

Meanwhile, it is time for Nance to pay his filing fee. His PLRA paperwork reflects $0 in average monthly deposits and balances. Doc. 8 at 1. He therefore owes a $0 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each

---

[3] Nance did file a letter with his PLRA paperwork suggesting that he has had two deadlines and has not been to the library in forty-seven days, although he does not state that he missed those deadlines, needed legal access to respond to those deadlines, or otherwise suffered any harm. Doc. 8-1. For the same reasons as discussed above, these boilerplate allegations are currently insufficient. Despite the lack of any apparent basis for viable amendment, Plaintiff's opportunity to object to this Report and Recommendation within 14 days of service affords him an opportunity to resuscitate his case. Nance may submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed herein. *See Willis v. Darden*, 2012 WL 170163 at *2 n. 3 (S.D. Ga. Jan. 19, 2012) (*citing Smith v. Stanley*, 2011 WL1114503 at *1 (W.D. Mich. Jan 19, 2011)).

time the set aside amount reaches $10.00, until the balance of the Court's $350 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Nance's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian. The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request

for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this _____ day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9